**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:07CV74**

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED-INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO-CLC and its LOCAL NO. 850L, <br><br> Plaintiffs, <br><br> v. <br><br> CONTINENTAL TIRE NORTH AMERICA, INC., CTNA HEALTH PLAN, PENSION PLAN FOR HOURLY-PAID EMPLOYEES OF CONTINENTAL GENERAL TIRE, INC. And CERTAIN AFFILIATED COMPANIES, <br><br> Defendant. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the Certification and Report of Initial Conference (Document #17) filed jointly by counsel to the parties in this matter on May 31, 2007. The undersigned conducted a telephonic initial pretrial conference in this matter on August 16, 2007. This matter is before the undersigned based upon the consent of the parties, and certain scheduling issues are now ripe for consideration.

This case was initiated by the Plaintiff's filing of a Complaint to Compel Arbitration (Document #1) on February 14, 2007. In their complaint, the Plaintiffs bring in Count I an action to compel arbitration and in Count II an action for breach of contract under Section 3.01 of the LMRA. The complaint, as well as the comments of Plaintiffs' counsel during the telephonic initial pretrial conference, make clear that the thrust of the Plaintiffs' position is that this matter should be

sent to arbitration. All Defendants have answered the complaint (Document Nos. 11 and 12), and for their part, the Defendants resist arbitration and seek discovery in the federal lawsuit.

The Certification and Report of Initial Conference (Document #17) filed jointly by the parties reflects very little agreement. Plaintiffs propose that Counts I and II of the complaint be bifurcated, that no discovery should be conducted at this time on either count, and that the parties should proceed directly to dispositive motions to resolve Count I of the complaint. The Defendants resist this approach, contending that discovery is necessary, not only to rebut Plaintiffs' allegations in both Counts I and II, but also to explore the affirmative defenses raised in the Defendants' answers to the complaint. The Defendants ask the Court to allow brief discovery, including twenty-five (25) interrogatories, twenty-five (25) requests for admissions, and as many as four (4) depositions.

The Court has carefully considered the parties' positions – both as expressed in the written Certification and Report of Initial Conference (Document #17) and as expressed through counsel during the telephonic initial pretrial conference in this matter. The core question posed by the Plaintiffs' complaint in this case is whether the contract between the parties compels that the matter be resolved through arbitration. The undersigned is not currently persuaded that even limited discovery is necessary to put that question appropriately to the Court. During the telephonic initial pretrial conference, counsel for the Plaintiffs indicated its readiness to file a motion for summary judgment on Count I within a fairly short period. The undersigned believes that the filing of this motion–and the filing by the Defendants of their responsive papers, up to and including a possible cross-motion for summary judgment–is the proper way to proceed.

Accordingly, the Court will for now bifurcate Count I and Count II in this matter. All discovery on Counts I and II of the Plaintiffs' complaint shall be stayed pending the Court's consideration of expected cross-motions for summary judgment by the parties on the question of

arbitration posed in Count I. To the extent the Defendants persist in their view that the Court's decision on summary judgment is premature on the current record, their counsel are reminded of the language of Rule 56(f) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that all discovery in this matter shall be stayed pending the Court's decision on the expected cross-motions for summary judgment on Count I of the Plaintiffs' complaint.

**IT IS FURTHER ORDERED** that the Court for now will bifurcate Count I and Count II in the Plaintiffs' Complaint, taking no action on Count II of the Complaint and focusing on the parties expected cross-motions for summary judgment on Count I of the complaint.

**IT IS FURTHER ORDERED** that the Plaintiffs' motion for summary judgment on Count I of the complaint shall be filed on or before September 10, 2007. Responsive documents from the Defendants, absent an extension from the Court, shall be filed consistent with the Local Rules for the Western District of North Carolina.

Signed: August 20, 2007

David C. Keesler
United States Magistrate Judge